UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH LEWIS MASSEY, JR.,

Petitioner,

v.

GEORGE JAIME,

Respondent.

No.  2:18-cv-2631 JAM CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254.  He is serving a sentence of 21 imprisonment imposed upon Placer County convictions for voluntary manslaughter and three counts of inducing false testimony.  Sentence was imposed October 26, 2011.

The petition for writ of habeas corpus was filed on September 19, 2018.  ECF No. 1 at 18.[1]  Respondent has filed a motion to dismiss arguing that the petition is time-barred.

Title 28 U.S.C. § 2244(d)(1) provides:

> A 1–year period of limitation shall apply to an application for a writ
> of habeas corpus by a person in custody pursuant to the judgment of
> a State court. The limitation period shall run from the latest of—

---

[1]  Under Houston v. Lack, 487 U.S. 266, 270 (1988), court documents submitted by prisoners are generally considered filed on the day the document is submitted to a prison official for mailing.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner did not appeal his convictions or sentence. Therefore, under California law, petitioner's conviction became final for purposes of § 2244(d)(1)(A) on December 25, 2011, 60 days after sentencing. Cal. Rules of Court, rule 8.308; Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). Absent tolling, the limitations period began running the next day and ran out one year later on December 25, 2012.

Title 28 U.S.C. § 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." While petitioner did file petitions for collateral review in California, they were all filed in 2017 well after the limitations period applicable to the petition filed here expired. Therefore, those petitions do not serve to toll the limitations period. Petitioner argues that the court should find the petition filed in this court timely because California courts accepted the petitions referenced above. However, there is no support for this argument or the more general proposition that the limitations period applicable here can be revived after it has expired.

For all these reasons, the court will recommend that respondent's motion to dismiss be granted, and petitioner's application for a writ of habeas corpus be dismissed as time-barred.

/////

/////

/////

2

In accordance with the above, IT IS HEREBY RECOMMENDED that:

   1.  Respondent's motion to dismiss (ECF No. 11) be granted;

   2.  Petitioner's application for writ of habeas corpus be dismissed as time-barred; and

   3.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 26, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mass2631.sol

3